IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOSHUA ROBERTS,                          3:11-CV-00456-BR

          Plaintiff,

                                         OPINION AND ORDER

v.

CHAPLAIN DON HODNEY,
SUPERINTENDENT S. FRANKIE,
and VICKI WILSON,

          Defendants.


JOSHUA ROBERTS
# 15026324
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882

          Plaintiff, *Pro Se*

JOHN KROGER
Attorney General
JACQUELINE SADKER KAMINS
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

          Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Unenumerated Rule 12(b) Motion (#31) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** this matter **without prejudice**.


## BACKGROUND

On April 13, 2011, Plaintiff, an inmate at Two Rivers Correctional Institution, filed a Complaint in this Court *pro se* pursuant to 42 U.S.C. § 1983 alleging Chaplain Don Hodney and Superintendent S. Frankie violated Plaintiff's "First Amendment Right Freedom of Religion" when they refused to allow Plaintiff to obtain a "Satanic Bible" and other satanic ritual books.

On May 2, 2011, the Court entered an Order dismissing Plaintiff's Complaint in part on the grounds that (1) Plaintiff failed to allege Defendant Frankie was personally involved in any decision regarding Plaintiff's access to religious materials; (2) Plaintiff cannot state a claim against the Oregon Department of Corrections (ODOC) in this Court under § 1983 because ODOC is protected by sovereign immunity; and (3) to the extent that Plaintiff sought to bring a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.*, he fails to allege the manner in which his ability to practice his religion has been burdened by Defendants' alleged

2 - OPINION AND ORDER

practices.  The Court allowed Plaintiff to file an Amended Complaint to cure the deficiencies noted in its Order.

On June 17, 2011, Plaintiff filed an Amended Complaint against "O.D.O.C. Head Religious Staff," Superintendent Frankie, Chaplain Hodney, Hardy Myer, Max Williams, Vicki Wilson, Mr. Myrick, Mr. S. Czerniak, and Mrs. N. Brown pursuant to 42 U.S.C. § 1983 alleging Defendants violated his "First Amendment right of Freedom of religion."  Plaintiff seeks "to be compensated for my being religiously persecuted and prejudiced. Also [he] would like to be able to get [his] satanic Bible and Ritual Books let in and have permission to have a study."

On June 24, 2011, the Court entered an Order dismissing Plaintiff's claims against Defendants Myers, Williams, Myrick, Czerniak, and Brown for failure to allege the personal involvement of these individuals.  The Court advised Plaintiff that this action would proceed only as to Plaintiff's claims against Defendants Frankie, Hodney, and Wilson.

On January, 24, 2012, Defendants filed an Unenumerated Rule 12(b) Motion to Dismiss Plaintiff's Amended Complaint in which Defendants seek to dismiss all of Plaintiff's claims for failure to exhaust administrative remedies.

On January 25, 2012, the Court entered an Order advising Plaintiff that Defendants had filed an Unenumerated Rule 12(b) Motion to Dismiss Plaintiff's Amended Complaint and setting out

3 - OPINION AND ORDER

what Plaintiff must do to avoid dismissal of this action.

Plaintiff failed to file any response to Defendants' Motion, and the Court took the matter under advisement on March 12, 2012.

## STANDARDS

In the Ninth Circuit the failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). *See also Dixon v. Corr. Corp. of Am.*, 420 F. App'x 766, 767 (9th Cir. 2011)("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Federal Rule of Civil Procedure 12(b) motion rather that a motion for summary judgment."); *Puente v. City of Los Angeles*, 358 F. App'x 909, 910-11 (9th Cir. 2011)("First, the district court did not abuse its discretion by declining to vacate its dismissal order based on Plaintiff's claim that Defendants' motion to dismiss was untimely.  A motion to dismiss for failure to exhaust administrative remedies must be made as an unenumerated Fed. R. Civ. P. 12(b) motion, and need not be filed before a responsive pleading.").  To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.

*Id.* at 1119-20.

Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits.  *Id.* "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  *Id.* at 1120.

## **DISCUSSION**

## I.  **Prison Litigation Reform Act (PLRA) Exhaustion Requirement**

The PLRA provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law,[1] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandated regardless of the relief offered through the prison administrative procedures. *Booth v. Churner*, 532 U.S. 731, 740 (2001).  *See also Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005)(same).

The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

---

[1] To the extent that Plaintiff intends to assert a claim under RLUIPA, the Ninth Circuit has held the exhaustion requirement of the PLRA apples to claims under RLUPIA.  *See Seneca v. Arizona,* 345 F. App'x 226, 229 (9th Cir. 2009).

some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
*See also Valoff*, 422 F.3d at 935.  In addition, the Supreme Court
held in *Booth* that prisoners are obligated to navigate the
prison's administrative review process "regardless of the fit
between a prisoner's prayer for relief and the administrative
remedies possible."  532 U.S. at 739-41.  Accordingly, the Ninth
Circuit has held "plaintiffs must pursue a remedy through a
prison grievance process as long as *some* action can be ordered in
response to the complaint." *Valoff*, 422 F.3d at 934 (emphasis in
original).  Even if the prisoner receives no more relief than
"corrective action taken in response to an inmate's grievance
[that] . . . improve[s] prison administration and satisf[ies] the
inmate," it is sufficient relief for an inmate to continue with
the administrative process. *Id*. at 936 (quoting *Porter*, 534 U.S.
at 525).

Exhaustion of administrative remedies under 42 U.S.C.
§ 1997e(e) is an affirmative defense. *Valoff*, 422 F.3d at 936.
"[D]efendants have the burden of raising and proving the absence
of exhaustion." *Id*.

> Relevant evidence in so demonstrating would
> include . . . regulations, and other official
> directives that explain the scope of the
> administrative review process; documentary or
> testimonial evidence from prison officials who
> administer the review process; and information
> provided to the prisoner concerning the operation
> of the grievance procedure in this case.

*Brown*, 422 F.3d at 937.  As noted, if the court concludes an

6 - OPINION AND ORDER

inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Stewart v. Korsen*, No. 11-15295, 2012 WL 767347, at *1 (9th Cir. Mar. 12, 2012).

## II.  The Grievance Process

Pursuant to the administrative rules of ODOC that govern inmate grievances, inmates at ODOC facilities are required to communicate with "line staff" verbally or in writing to resolve a dispute before filing a grievance.  If communication with line staff does not resolve an inmate's issue, the inmate may then file a grievance form within 30 days of the incident or conflict. Inmates must attach copies of their previous communications with line staff to their grievance forms to demonstrate that they attempted to resolve the conflict informally before filing their grievance.  If an inmate is not satisfied with the response to his or her grievance, the inmate may file an appeal to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within 14 days from the time the response was sent to the inmate.  The grievance coordinator then assigns the grievance a number and records it in the grievance log.

An inmate may appeal the functional unit manager's decision by submitting to the assistant director an appeal form, the original grievance, attachments, and staff responses.  The grievance coordinator then date-stamps and logs the appeal.  The

decision of the assistant director is final and is not subject to further review.

ODOC informs inmates of the grievance procedure at their mandatory Admission and Orientation class held when inmates first arrive at a facility.  In addition, information about the procedure is contained in the inmate handbook.  Inmates may obtain grievance forms and instructions from any housing-unit officer.

**III. Analysis**

As noted, Plaintiff alleges Defendants violated his "First Amendment right of Freedom of religion."  The attachments to Plaintiff's Amended Complaint relate to ODOC's failure to provide Plaintiff with a satanic Bible and satanic Ritual Books as well as the failure of ODOC to offer satanic group services or to offer satanic emblems for sale in the canteen.

The record reflects even though Plaintiff has filed a number of grievances, none of those grievances relate to his claim that ODOC does not offer satanic group services or that the canteen does not offer satanic emblems for sale.

The record also reflects Plaintiff attempted to file a grievance that "Mr. Nevil violated a magazine that came in to me from Dark Moon Press.  This magazine has to due [*sic*] with my religon [*sic*].  This is not the first time I've been discriminated against because of my religon [*sic*]."  Decl. of

Vicki Reynolds, Ex. 9 at 1.  That grievance, however, was
returned to Plaintiff because it did not comply with the ODOC
Rule that inmates may not file discrimination grievances related
to "incidents or actions for which there exists a separate
internal department appeal or review process; for example,
rejection or confiscation of mail."  Reynolds Decl., Ex. 9 at 2.
Plaintiff was advised he could submit a new grievance form that
complied with ODOC Rules; specifically, a "mail review."  *Id.*
Plaintiff did not submit another grievance related to his
magazine from Dark Moon Press.

        The record also reflects Plaintiff attempted to file a
grievance in which he alleged "Crpl Wanus packed my property when
I went to seg.  In my property I had 4 non Christian books that
said Crpl confiscated.  He tore my stickers and sent them to R+D
for disposal.  I feel that I am being Relilgouly [*sic*]
Discriminated by said Crpl because of my beliefs."  Reynolds
Decl., Ex. 8 at 1.  That grievance, however, was returned to
Plaintiff because at the time, he had already filed a tort claim
on the matter.  ODOC Rules prohibit ODOC officials from
processing discrimination grievances while an inmate has a
discrimination complaint pending on the matter in state or
federal court.  *See* O.A.R. 291-006-0035(8).

        On this record, therefore, the Court concludes
Plaintiff did not exhaust the required administrative procedures

9 - OPINION AND ORDER

as to his claims in this matter.

**<u>CONCLUSION</u>**

For these reasons, the Court **GRANTS** Defendants' Unenumerated Rule 12(b) Motion (#31) to Dismiss and **DISMISSES** this matter **without prejudice.**

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER